UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | Cr. No. 21-mj-00210 (ZMF) |
| | : | |
| **STEVE OMAR MALDONADO,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## MOTION TO TEMPORARILY ALLOW TRAVEL

Mr. Steve Maldonado, through undersigned counsel, respectfully submits this motion to temporarily allow travel outside the continental United States, specifically to Puerto Rico, and as grounds therefore states:

1. On February 8, 2021, Mr. Maldonado was charged by criminal complaint with Entering and Remaining on Restricted Buildings or Grounds in Violation of 18 U.S.C. § 1752(a)(1) and (2), and Violent Entry or Disorderly Conduct, and Parade, Demonstrate, or Picket on Capitol Grounds in violation of 40 U.S.C. § 5104(e)(2)(D) and (G).  *See* ECF No. 1.

2. On February 10, 2021, Mr. Maldonado was arrested and had an initial appearance in the Middle District of Florida.  At that appearance, Magistrate Hoffman released Mr. Maldonado on his personal recognizance, subject to conditions and a $25,000 unsecured bond.  *See United States v. Maldonado*, Mag. No. 21-mj-01127, ECF No. 5 (MDFL Feb. 10, 2021). [1]

---

[1] The Middle District of Florida case, and the release conditions assigned therein, have since terminated.

3. On February 12, 2021, Mr. Maldonado appeared in the U.S. District Court of the District of Columbia for an initial appearance in the above-captioned case. At that hearing, Magistrate Meriweather released Mr. Maldonado on his personal recognizance subject to the following conditions: weekly check-ins with Pretrial Services in D.C., surrender of his passport, notification to Pretrial Services in advance of any travel outside the Middle District of Florida, court approval for all travel outside the continental U.S., and a stay-away from the District of Columbia, among others. *See* ECF No. 5.

4. On December 6, 2020, prior to his charge and arrest, Mr. Maldonado's father passed away in Puerto Rico.[2]

5. Mr. Maldonado was named the sole beneficiary of his father's estate in Puerto Rico, including all privately owned property and financial assets. However, many of those assets were left in disarray or are in need of disposal through sale.

6. Because the property and financial assets are located in Puerto Rico, and counsel understands that property records may be dubious or non-existent, Mr. Maldonado needs to physically be in Puerto Rico to prove ownership of the assets and ready them for sale.

7. Mr. Maldonado recognizes that he is under criminal investigation and that he is charged with serious crimes. However, the exigency of taking care of his father's estate exists independent of his criminal case.

8. Therefore, Mr. Maldonado requests that this Court allow him special permission to fly and stay in Fajardo, Puerto Rico for 30 days to conclude his father's estate. This

---

[2] *See* Ex. A: Death Certificate of Emilio Maldonado.

location is approximately one hour from the capitol of San Juan.

9. Mr. Maldonado is amenable to checking-in with D.C. Pretrial Services upon his arrival and departure from Puerto Rico, in addition to his weekly scheduled phone calls. Additionally, Mr. Maldonado is willing to check-in or be temporarily supervised by the pretrial services office in San Juan, if the Court deems that necessary.

10. Accordingly, Mr. Maldonado asks this Court to allow his travel and stay in Puerto Rico for 30 days, in order to dispose of and consolidate his deceased father's estate.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Cara Halverson
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Cara_halverson@fd.org