UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 21-MJ-210 (ZMF) |
| | : | |
| STEVE OMAR MALDONADO, | : | |
| | : | Hearing Date: March 5, 2021 |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO TEMPORARILY ALLOW TRAVEL

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to the defendant's motion to temporarily allow travel. For the reasons set forth herein, as well as any other reasons identified in a hearing on this matter, the United States opposes the defendant's requested modification of his release conditions.

### BACKGROUND

1. On January 6, 2021, the defendant, Steve Omar Maldonado ("the defendant"), who had traveled from his home state of Florida, arrived at the U.S. Capitol grounds and thereafter disrupted the Constitutionally mandated Joint Session of Congress for the counting of Electors by participating in the storming of the U.S. Capitol. *See*, Complaint ECF No. 1 at 1, 6. He crossed the barricades and police lines, physically entered the U.S. Capitol building, then entered the Senate through the doors at the top. *Id.* at 6.

2. The defendant is charged by complaint with violations of 18 U.S.C. § 1752(a)(1) and (2), Unlawful Entry of Restricted Building or Grounds, and 40 U.S.C. § 5104(e)(2)(D) and

(e)(2)(G), Violent Entry or Disorderly Conduct, and Parade, Demonstrate, or Picket on Capitol Grounds and faces a maximum of three years imprisonment.

3. The defendant was arrested and presented before the U.S. District Court for the Middle District of Florida on February 10, 2021. Magistrate Judge Hoffman released the defendant on his personal recognizance, subject to $25,000 unsecured bond and several conditions of release, including that the defendant shall not obtain a passport or travel documents and that defendant's travel be restricted to Middle District of Florida and District of Columbia for court appearances. *See*, *United States v. Maldonado*, Mag. No. 21-mj-01127, ECF No. 5 (M.D. Fla. Feb. 10, 2021).

4. On February 12, 2021, the defendant appeared before Magistrate Judge Robin M. Meriweather for his initial appearance in the above-captioned case. He was released on his personal recognizance subject to several conditions, including notification to Pretrial Services in advance of any travel outside the Middle District of Florida and court approval for all travel outside the continental U.S. *See*, Order Setting Conditions of Release, ECF No. 5.

5. The defendant filed a Motion to Temporarily Allow Travel ("Defendant's Motion") on February 23, 2021. *See*, Defendant's Motion, ECF No. 7. In his Motion, the defendant seeks to travel to Fajardo, Puerto Rico for 30 days to conclude the estate of his late father who passed away on December 6, 2020. *Id.* ¶ 4, 8. The filing indicates that the defendant is the sole beneficiary of his father's estate and that many of the aforementioned assets were left in disarray or need to be disposed of through sale. *Id.* ¶ 5. However, the filing does not address several important concerns about the proposed travel, including how the defendant would be able to travel to Puerto Rico during the pandemic or what he must do physically in Puerto Rico, or the risk of flight presented if the defendant were permitted to travel.

## ARGUMENT

6. In analyzing whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the Court considers the following: (1) the nature and circumstances of the offense charged (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

7. As an initial matter, Puerto Rico currently is listed by the U.S. Centers for Disease Control (CDC) as at its highest level of risk, Level 4: COVID-19 Very High, which means that "Travelers should avoid all travel to these destinations."[1] The CDC further has further specifically advised that "Travel increases your chances of getting and spreading COVID-19" and that "Travelers should avoid all travel to Puerto Rico."[2] As such, there is a high risk that if the defendant travels to Puerto Rico, he may be subject to quarantine both entering and exiting the continental United States, which may cause a delay in these proceedings and inhibit the defendant's ability to comply with Pretrial Services.

8. Additionally, modifying the defendant's conditions of release is would create a significant risk of flight. While the government does not have a current belief that the defendant is a risk of flight under his current conditions of release, his travel to Puerto Rico would create that risk. Indeed, "allowing the defendant to leave the immediately vicinity would make it more tempting for him to abscond." *United States v. Terrell*, 983 F.2d 653, 655 (5th Cir. 1993).

9. The nature and circumstance of these offenses is serious. In the case of *United States v. William Chrestman*, Chief Judge Beryl A. Howell wrote that "Central to the

---

[1] *See*, https://www.cdc.gov/coronavirus/2019-ncov/travelers/map-and-travel-notices.html
[2] *See*, https://wwwnc.cdc.gov/travel/notices/covid-4/coronavirus-puerto-rico

circumstances of defendant's instant offenses is the fact that he was one of hundreds, if not thousands, of individuals who comprised the mob that assaulted the Capitol on January 6, 2021. Many of these individuals have already been charged with criminal offenses or soon will face criminal charges related to their conduct on that day. The actions of this violent mob, particularly those members who breached police lines and gained entry to the Capitol, are reprehensible as offenses against morality, civic virtue, and the rule of law." *See*, ECF No. 23, *United States v. Chrestman*, 21-mj-218-ZMF (D.D.C. Feb. 26, 2021). Here, the defendant traveled from Florida to the District of Columbia for what he described to law enforcement as the "Stop the Steal" rally and entered the building, including the Senate gallery, with a mob. *See*, Complaint ECF No. 1 at 6. Further, the weight of the evidence is strong as the defendant himself admitted to being at the U.S. Capitol and inside of the building. *See*, *Id*.

10. With regard to the history and characteristics of the defendant, while the government is sympathetic to the basis for the defendant's request, instead of handling the issues identified in his Motion and traveling to Puerto Rico prior to January 6, 2021, the defendant made the choice to travel across state lines and participate in a riot a month following the death of his father. Further, it bears noting that the defendant has a prior conviction for an Armed Burglary offense involving a firearm. *See*, Pretrial Services Report at 3-4.

11. Lastly, with regard to the nature and seriousness of any danger to the community, the defendant was an active participant in the most violent insurrection to occur at the U.S. Capitol in over 200 years. To allow him to travel, while pending charges in this matter, would be inappropriate and would create a serious risk of flight.

12. Finally, there is no compelling reason to modify the defendant's conditions of release and allow him to travel to Puerto Rico for a period of 30 days. While it is understandable

that that the defendant would want to "dispose of and consolidate his deceased father's estate," *see* ECF No. 7 ¶ 10, this information was available to the defendant to present to the magistrate judges in both the Middle District of Florida and the District of Columbia when they were setting his conditions of release, given that his father's passing occurred over a month before the hearings and a month prior to the offenses at issue. The motion should thus be denied.

## CONCLUSION

The government respectfully requests that this Court deny the defendant's motion.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188

By: ___*/s/Tara Ravindra*___
Tara Ravindra
D.C. Bar No. 1030622
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7672
Tara.Ravindra@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2021, I served a copy of this pleading on defendant's counsel through the Court's electronic filing system.

*/s/ Tara Ravindra*
Tara Ravindra
Assistant United States Attorney